DAVIS, Judge.
Guarantee Mutual Life Company and State Claims Adjusters, Inc. (“carrier/servicing agent”) appeal an order of the Judge of Compensation Claims (“JCC”), which determined that the workers’ compensation policy issued by the carrier provided coverage for the claimant’s accident, and awarded benefits. The carrier/servicing agent raise six issues on appeal. Because the carrier/servicing agent failed to appear at the final hearing to raise the arguments they now raise on appeal after having received actual notice of the final hearing from the employer, we affirm.
The carrier/servicing agent conceded at oral argument that the JCC had jurisdiction over them because the JCC had jurisdiction over the employer.[1] The carrier/servicing agent argue, however, that they were not required to make an appearance at the final hearing because they did not receive notice of the final hearing directly from the JCC in accordance with section 440.25(4)(c), Florida Statutes (Supp.1994). This section provides: “The judge of compensation claims shall give the interested parties at least 7 days’ advance notice of the final hearing, served upon the interested parties by mail.”
In the present ease, the attorney for the employer telefaxed and mailed a copy of the JCC’s notice of the final hearing scheduled *637 on February 20, 1995, to the servicing agent on January 12, 1995. Because the servicing agent is an agent for the carrier, the notice of the final hearing provided to the servicing agent was also notice to the carrier. The earrier/servicing agent did not raise an objection to their failure to receive the notice of final hearing directly from the JCC before the final hearing, nor did they attend the final hearing.
Because the JCC had jurisdiction over the earrier/servicing agent and the carrier/servicing agent received actual notice of the final hearing from the employer, we hold that the earrier/servicing agent had an obligation to appear at the final hearing to raise their arguments before the JCC. Because the earrier/servicing agent failed to raise the arguments they now raise on appeal before the JCC, their arguments have not been preserved for appellate review.
Accordingly, the order of the JCC is AFFIRMED.
ZEHMER, C.J., and ALLEN, J., concur.

. Section 440.41(2), Florida Statutes (1993), provides: "Jurisdiction of the employer by the judges of compensation claims, the division, or any court under this chapter shall be jurisdiction of the carrier.”